Thank you, Judge, and I'd like to reserve three minutes for rebuttal, and I will watch the clock myself. This case involves the validity of general interstate domestic violence verdicts resting on Idaho battery, burglary, or assault. Under the categorical approach, such a general verdict will stand only if the least serious offense the jury could have found had as an element the intentional use of violent physical force. In this case, that least serious conduct is Idaho burglary, an offense the government concedes does not have as an element the intentional use of violent physical force. Can I ask you about count six? Because with respect to count six, it was an element of the offense that there was a crime of violence, and the defendant thereby caused bodily injury. So we know that from the jury's verdict that at least as to count six, they found a crime of violence that caused bodily injury. Doesn't that exclude the possibility that they relied on burglary as the crime of violence for count six? Well, I think the answer to that is no. They could have concluded rationally that Mr. Day had injured and committed a burglary, and that was the crime of violence, the statutory crime of violence that they rested on. Right, but a burglary is just an entry, and the crime is completed upon entry. How does that cause violence? I mean, that's what I don't see. Well, I think there are two issues. The first just… Right, just bodily injury, I meant. And I understand that, yes. And to answer that specific question, I think the answer is that the jury was asked to find, first, what are the elements is, did he commit one of three crimes of violence? They were instructed on three possible crimes of violence that he could have committed in both cases. So in deliberating, they could have found, well, he certainly committed burglary, so they found that he committed that crime that they were instructed by the judge was a crime of violence. And then they could have gone on to find that the remaining elements were met. I think Judge Collins' point is that one of the remaining elements is causing injury. But I think that that is not relevant to the issue of whether the statutory crimes they were instructed on for the purpose of what a crime of violence is. Well, let's say he has a predicate. I mean, let's give an extreme hypothetical. You have to find one of three crimes, and then you have to find bodily injury. One of the crimes is tax evasion, the other is false statements, and the other is, you know, armed assault. And the jury finds that one of those was committed and that it resulted in bodily injury. It's pretty clear that they picked the bodily assault one and not tax or fraud. And I'm wondering why isn't that this case? So I think, and again, that would just be with respect to count six, but I think the answer is you're almost certainly correct, right, as a factual matter. If we get to the question of, you know, what did the jury probably find in, for example, your hypothetical, you're almost certainly correct that what the jury probably or even we could say overwhelmingly found was not tax evasion, was the offense that caused bodily injury. I think if that was the harmlessness analysis that one were conducting under those circumstances, you would be right. But I don't think that is the harmlessness analysis that applies in the categorical approach. When we apply the categorical approach, whether it is… I have two questions. One is that you are not, and I'm sorry to interrupt, but it's just we have a short argument in a complicated case, and I think I'm going to let it run over some because it is complicated. But you say that at least burglary wasn't a crime of violence, but you argue in your brief that battery and assault, that also weren't crimes. And you also say that the government doesn't respond to that. So are we… I understand that the easy route is the burglary, but it's not the only route. That is absolutely right, yes. There are two routes. My position would be that the court, the correct analysis is to assume that the jury rested on burglary. But absolutely right, we can go straight through to the question of whether any of those crimes of violence that were charged qualifies as such. And the answer is none of them do. I have problems on these. I understand the battery one, why it's not a crime of violence. It probably isn't. But the assault one certainly reads like a crime of violence, doesn't it? I agree. The statutory language does. But the elements of assault, as the structure of Idaho law defines it, it's an attempted battery. So you can be convicted of assault under Idaho law for attempting a battery. And under state v. noose, a battery is flinging fluid from an IV onto a person, for example. Attempting to do that is a misdemeanor assault. My second question is, what part of the analysis are you addressing? Are you at the harmlessness point where we're looking at the current law? Is the same analysis at the front end, which is what was the reliance at the time? Those are two different questions, as I understand it. I agree with that. They're two different questions. I think that with respect to question one, the gatekeeping question, you look to whether Mr. Dade's claim is that the trial court relied on the residual clause. So once we get through, once we show that Mr. Dade's claim relies on the residual clause, which it does with respect to burglary, then under Giosdo's, you go on to apply contemporary law. You do not apply contemporary Idaho law. You look to law in Idaho, as it was at the time of the convictions, to define what the Idaho state crime is. But you look to contemporary federal law when it comes to whether those statutory predicates were crimes of violence. And so looking to contemporary federal law, but looking at the Idaho state statutes as they were defined at the time, you find that none of them are crimes of violence. Assault, not just, I'm sorry, you're going to ask a question. Go ahead. That is my time. That is your time if you want three minutes. Well, I'm going to eat into my three minutes, just a second, just to make the final point. Because we look at Idaho law as it was at the time, because assault could be committed through negligence at that time, that's a separate reason why assault, even if one looks at the statutory language, the case law makes it clear that assault was overbroad at the time of Mr. Dade's conviction. Was there a change during the relevant time period? No, there was no change during the relevant time period. That happened in 2014. I reserve the rest of my time. Thank you very much. Thank you. May it please the court, Serena Case Hargrove on behalf of the United States. In order to make a second and successive 2255 motion, the defendant has to prove that he relies on a new retroactive rule of constitutional law. And the law that he's chosen is the law of DeMaia, which ruled that the residual clause of 16b is an invalid legal theory. So the question we have at the threshold level is whether there is any way to tell which legal theory the jury relied on. Let me just answer that. Let me ask it anyway. Why is the question what the jury relied on? The jury was instructed. And it is a legal question for the judge and the judge made it. And I don't understand what the jury has to do with it. So, Your Honor, in Giosos, at page 896, Giosos is analogizing to the Stromberg case, which was a jury decision. It was a conviction. Giosos involved a judge finding because it was a sentencing. It was looking at predicate crimes. But Giosos analogized and said we would treat that sentencing finding by a judge the same way as we would treat a jury finding with a conviction. Yes, but in this instance, the jury was instructed. And properly so. In other words, it really wasn't for the jury. What is the difference what the jury convicted of having been told that it was a crime of violence? Your Honor, the question, the judge did instruct the jury very carefully. And that instruction is at page 197 and 198 of the excerpts of record. And that instruction is informed solely by the elements clause. There is no discussion of residual clause of any felony that by its nature involves substantial risk, of course. Was there any discussion of this whole problem at all? No, Your Honor. And despite the fact that the government had actually invited the court to rely on the residual clause in our trial brief, the court just didn't do that. I don't know if it didn't really. It just didn't address it at all. Judge Collins, did you have a question? I wanted to ask about count six. You heard my questions to your opposing counsel. But I have a question for you, which is on the battery under Idaho law, the statute has three separate ways of committing battery. And the jury instruction in this case used all three. Under Mathis, are those three alternatives alternative means or are they divisible offenses with distinct elements? Thank you, Your Honor. So the answer is we don't get to apply Mathis at this threshold stage. Yoza says that we have to look to the law in 2002. And so when we look to the law in 2002, the court was allowed to tailor instructions and narrow crimes. Well, in Idaho in 2002, because obviously in terms of defining the underlying offense, we have to go back in time. Did Idaho treat those as alternative crimes or did it treat them as alternative methods? If a jury was instructed on battery in Idaho, would it have to unanimously find which of the three or could they divide up with some of them picking one and some of them picking the other? Because when we get to the plugging into federal law, we're going to apply current law, which includes Mathis. When we get the output from the Idaho question, what is the answer to that question? Your Honor, in Idaho, as we reviewed the precedent back then, Idaho would often instruct on a specific theory. And so oftentimes there weren't multiple theories available. And I know that at the time, burglary in Idaho was considered a crime of violence, but the cases that had or cases that were similar to it had categorized it as such under the residual clause. So I'm not sure that we know for certain whether there was no distinction at that time between means and elements. And I think that the point of disagreement that I have with opposing counsel is that when I read Piozo's, it is saying we ignore all the law between the time of conviction in 2002 until the time of this new retroactive rule in order to determine if the defendant is really relying on that new retroactive rule. So are we... You said that the case law at the time relied on the residual clause with regard to burglary. So why isn't that the answer? Because, Your Honor, although that is true, and we introduced that possibility, the district court did not rely on the residual clause when it defined the crime of violence. Well, it didn't rely on the first clause either. Your Honor, I would disagree because the instruction talks only of force and makes every single crime involved... But that's because the instruction was on the facts of the case, not on the categorical question. He didn't instruct on burglary in general. He put in the facts of the case. Having already determined that burglary in general was a categorical crime and under Piozo's, it sort of operates the other way, as I understand Piozo's. There's a presumption, a strong presumption, that you're relying on the residual clause unless there's some demonstration that you weren't. And the demonstration could be something specific to the case or the case law at the time. But the case law at the time cuts the other way. So the presumption prevails, and we assume that this judge, like others, relied for his categorical decision, categorical, that this was a crime of violence based on the residual clause. It's possible that Judge Collins' question would then become relevant. I mean, maybe he could have done a modified categorical approach, but he certainly didn't say that. So I don't see how you get there. Your Honor, I respectfully disagree. Taylor was the relevant law at the time, and Taylor has such an interesting, and this is such a strange case to try and go back and think of how things were when Taylor was the applicable law. But Taylor speaks of a categorical approach, and it starts out the way that we think of it today, as actually comparing the generic elements of a statute to a federal predicate or to a federal definition. But then it goes on, and at page 602, it explains that narrowed statutes can be categorical matches for federal definitions. And that is still, according to Taylor, part of the categorical approach. So Giozo says we look at the record and we look at the relevant legal background in order to determine if it's possible to conclusively determine that the jury relied on a valid ground. And here, looking at the record, we see that the court narrowed the statutes and informed the jury solely based on violent elements. I thought narrowed statutes meant narrowed by the state law. In other words, the state law narrowed the view of the statute by comparing the states, because Taylor is all full of necessary language. It has to necessarily be so that this statute fits the generic crime. And that's true in the discussion of the modified categorical approach as well. Are you going to address the harmlessness issue, or are you just staying on the front end? Sure, Your Honor. I would love to address the harmlessness issue. I would just note that the Taylor decision, it does say, it's page 602, it explains that if the indictment or information and jury instructions show that the defendant was charged only with the burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the government should be allowed to use the conviction for enhancement. But to set the case... Was he charged only with the burglary the way it went to the indictment? Right. And so the court... He was? In the indictment, it was narrowed the way it went to the indictment? Correct. In the predicate offense, they could look at the record, the jury instructions from the predicate offense... I'm asking you... I'm sorry, Your Honor, I can't... I'm asking whether the predicate offense was narrowed in the way that it was in the instruction. Yes. I understand the instruction was narrowed. Was the indictment narrowed? The indictment didn't even list Idaho burglary. It didn't say Idaho assault. It didn't say Idaho battery. It just said burglary, assault, and battery. I mean, this is just a spin-out of the way the, as I understand it, the way the modified categorical approach works. It's not about the categorical approach. It's about the modified categorical approach. It talks about necessary all the time. It keeps talking about necessarily. What's interesting is it wasn't even the modified categorical approach at that point. They believed that courts could make juries find necessary elements by instructing them that way and thereby narrow the statute, which is obviously completely different from modern law. But that's how it was then. Was the verdict form problematic with your theory? Does that contradict your... When you're pointing out that the jury instructions narrowed it, does the verdict form then contradict that? Not at all, Your Honor. The verdict form... Not at all, Your Honor. I can pull that up. But the verdict form just goes through each count and asks the jury if they're guilty or not guilty. Perhaps I'm not understanding. I think the confusion is that the verdict form doesn't specify whether the jury did find that a crime of violence was committed, specifically with respect to battery and burglary, correct? So, Your Honor, it's only burglary that we're worried about here because battery and assault at the time were considered crimes of violence under the Elements Clause. And then the reason that we can tell, according to Chiosos, that the court did not rely on that flawed legal theory of the residual clause is because the court instructed the jury solely on elements... Sorry, it made the elements of the offenses, of all the offenses, all three of them, include violence. And it actually defined burglary as an attempt at assault and battery, but it defined assault and battery in a very violent way as well. Okay, your time is up, and thank you very much for your argument, Mr. Pope. Thank you, Your Honor. First, I'd just like to address... May I say first that the arguments kind of passed in the night because she argued only about the front end and you argued only about the back end. So it would be helpful for me if you just add to her argument. I understand this has been a passing case, kind of. I'll try to write it a little bit. So with respect to the front end question, I think the answer is, as you were saying, you look... Well, there are a couple of things. The first thing is we're just going to sort of evaluate how the categorical approach applies or not to the front end question in the sense of how do we determine whether the judge relied on the residual clause or not. You are not looking at the jury instructions. You are only at that point at whether the judge thought the federal generic or the state generic crime, the generic crime, was a categorical match. The state crime was a categorical match with a federal generic offense. What about whether he thought that the modified... I just disagree to the degree that I do think that Taylor created the modified categorical approach. It's used the term and it's been used ever since. How do we know he didn't apply that? Well, there's no indication that he did. I think the simplest answer to that is there's no indication that he did. And the government urged him to apply the residual clause in concluding that Idaho burglary was a crime of violence. He did. They did. She says they did. Oh, yes, she did. No, no. And they did. They did. They said burglary is a crime of violence under the residual clause. Other courts had held that it was a crime of violence under the residual clause. There's every reason to think that the judge accepted that invitation. And then the fact that the judge then used the jury instructions to narrow it or apply it to the facts of the case is a completely separate question. That's a question that goes to the judge isn't thinking about trying to instruct the jury on the categorical approach. That's not the jury's province. The judge is thinking, how do I, now that I've concluded that this state offense categorically is a crime of violence, how do I define it? In a way that the jury is going to be able to find my instructions to be useful in evaluating whether the evidence supports it or not. And so that, I think, is what happened. I think that the law at the time is that the judge had to separate those two inquiries, had to think analytically, is this categorically a crime of violence? And then the second, once he concludes that it is, how am I to instruct the jury on it? But I also think that even if we don't resolve that question, it's not necessary to resolve that question in this case. Because under Giozo's, any doubt, the doubt, if there's a doubtful question as to which ground he rested on, you resolve that doubt in favor of Mr. Dave. And where the government itself urged the residual clause and the judge never made any finding to the contrary, there's clearly— Can I just ask you to respond to the same question I asked opposing counsel, which is, are the alternative formulations of battery in the Idaho statute, are those alternative means that a jury does not have to unanimously agree upon? They can pick—some can pick one, some can pick the other. Or are they alternative offenses that a jury would have to unanimously agree on one or the other? Means. Two reasons for that. First, state the billings, 54P3-470, Idaho Court of Appeals, 2002, describing them as alternative means of committing battery. Secondly, the judge in this case did not instruct the jury that they needed to be unanimous as to any means of Idaho battery. So that is strong evidence that they were indivisible in general, and also certainly in this case where there was no instruction about unanimity. There was instruction about unanimity as to which of the underlying crimes. And be unanimous on burglary, battery, or assault. But he never instructed unanimity as to the means of assault or the means of battery. Does that answer your question? Thank you. Your time is up, and thank you very much. Thank you both for a useful argument. Thank you. Complicated case. Thank you.
judges: Berzon, Collins, Choe-Groves